**KREINDLER & KREINDLER LLP**
Gretchen M. Nelson (SBN 112566)
gnelson@kreindler.com
707 Wilshire Blvd, Suite 3600
Los Angeles, CA 90017
Tel.: (213) 622-6469
Fax: (213) 622-6019

**KREINDLER & KREINDLER LLP**
Marc S. Moller
mmoller@kreindler.com
Justin T. Green
jgreen@kreindler.com
Brian J. Alexander
balexander@kreindler.com
750 Third Avenue
New York, NY 10017
Tel.: (212) 687-8181
Fax: (212) 972-9432

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENGYU YUAN, an individual; ZHENGYU YUAN as Custodial Parent and Next Friend of M.L.Y., a Minor, and T.T.Y., a minor<br><br>Plaintiffs,<br><br>vs.<br><br>ASIANA AIRLINES, INC., a corporation; and THE BOEING COMPANY, a corporation<br><br>Defendants. | Case No. _____<br><br>**ABBREVIATED COMPLAINT FOR**<br><br>1. **PASSENGER LIABILITY (ASIANA AIRLINES)**<br><br>2. **NEGLIGENCE (ASIANA AIRLINES)**<br><br>3. **NEGLIGENCE (THE BOEING COMPANY)**<br><br>4. **BREACH OF WARRANTY (THE BOEING COMPANY)**<br><br>5. **STRICT LIABILITY (THE BOEING COMPANY)**<br><br>6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br><u>**JURY TRIAL DEMANDED**</u> |

**ABBREVIATED COMPLAINT**
*Yuan, et al. v. Asiana Airlines, Inc., et al.*

## I. INTRODUCTION

1. Plaintiff Zhengyu Yuan, individually, and as Custodial Parent and Next Friend of M.L.Y., a minor, and T.T.Y., a minor, brings this action for damages and complains of the Defendant ASIANA AIRLINES, INC. ("ASIANA") and Defendant THE BOEING COMPANY ("BOEING") as set forth below. Plaintiffs are filing this abbreviated complaint as permitted by Case Management Order No. 2 in *In re: Air Crash at San Francisco, California on July 6, 2013* MDL No. 2497.

## II. SYNOPSIS OF CLAIM

2. On July 6, 2013 at approximately 11:27 a.m. PDT, the main landing gear and fuselage of a Boeing 777-200ER, registration HL7742 ("subject aircraft") operating as ASIANA Flight 214 ("subject flight") impacted the airport perimeter sea wall just short of runway 28L at SFO while attempting to land following a perilously low altitude flight-path, low air-speed approach. This landing was the result of a combination of factors caused by the negligence and failures of the named defendants, for which Plaintiff suffered economic and non-economic damages.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including but not limited to the Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"). Defendant ASIANA is a signatory to the Montreal Convention via the International Air Carrier Transportation Association ("IATA") Intercarrier Agreement on Passenger Liability which specifically removes limitations on damages.

4. The Court also has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as this case involves a dispute between Plaintiffs, United States citizens, California residents, passengers with a destination of California, United States, and passengers who entered into the contract of carriage in the United States, and Defendants, corporations based in South

Korea, and the State of Illinois, and the amount in controversy exceeds the jurisdictional minimum of this Court.

5.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California and because Defendants are subject to personal jurisdiction in the Northern District of California and because Defendants have sufficient contacts because they do business and/or commerce in California.

### IV.  PARTIES

#### A.  Plaintiffs

6.  Plaintiff Zhengyu Yuan, individually, and as Custodial Parent and Next Friend of M.L.Y., a minor, and T.T.Y., a minor are residents of the state of California and were passengers on ASIANA Flight 214 and have suffered physical, emotional, and/or economic injuries as a result of the ASIANA Flight 214 crash at SFO on July 6, 2013.

#### B.  Defendants

7.  Defendant **THE BOEING COMPANY** is a Delaware corporation with its principal place of business in the State of Illinois. Boeing is, and at all relevant times was, registered with the California Secretary of State as doing business in California, and it does business in California and in this Judicial District.

8.  Defendant **ASIANA AIRLINES, INC.** is a foreign corporation domiciled in and existing under the laws of South Korea. Defendant ASIANA AIRLINES is, and at all relevant times was, registered with the California Secretary of State as doing business in California, and it does business in California and in this Judicial District.

9.  Defendant **ASIANA AIRLINES, INC.** is, and at all times relevant was, a common carrier for hire in the business of soliciting and/or transporting passengers for regularly scheduled flights in and out of San Francisco International Airport to destinations in South Korea and throughout the world.

10.     Defendant **ASIANA AIRLINES, INC.** is, and at all times relevant was, a carrier within the meaning of the Montreal Convention, operating round-trip flights between San Francisco, California, to Seoul, South Korea and throughout the world.

### C.     Agency and Concert of Action

11.     At all times herein mentioned, Defendants, and each of them, were the agents, servants, alter egos, employees, partners, aiders and abettors, co-conspirators and/or joint venturers of each of the remaining Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise conspiracy, alter ego and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.  Each Defendant aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein.  In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## V.     FACTUAL BACKGROUND FOR THE CLAIMS ASSERTED

12.     On July 6, 2013 at approximately 11:27 a.m. PDT, the main landing gear and fuselage of a Boeing 777-200ER, registration HL7742 ("subject aircraft") operating as ASIANA Flight 214 ("subject flight") impacted the airport perimeter sea wall just short of runway 28L at SFO while attempting to land following a perilously low altitude flight-path, low air-speed approach.

13.     This crash and its aftermath should never have occurred.  It was a by-product of reckless inattention and errors by the inadequately trained ASIANA flight crew in combination with dangerous design defects and shortcomings with auto flight modes, low airspeed warning systems, safety harnesses, and emergency evacuation slides incorporated into the BOEING aircraft.

**ABBREVIATED COMPLAINT**                                                                                                                 3
*Yuan, et al. v. Asiana Airlines, Inc., et al.*

14. BOEING inadequately designed, manufactured, distributed and/or sold the aircraft that crashed on July 6, 2013 with a number of defects, including a faulty auto-throttle control system, inadequate auto-throttle warnings, ineffective low-speed warnings, and/or lap-only seat belts in sections of its aircraft.

15. BOEING failed to adequately train, notify, monitor, supervise and/or update pilots to fly the BOEING 777-200ER; and/or warn ASIANA of concerns BOEING knew or should have known about the unfitness of ASIANA pilots to fly the BOEING aircraft.

16. ASIANA negligently operated, maintained, controlled, equipped, and/or piloted the fateful aircraft, including failing to provide passengers in Economy Class with the same robust seat restraint systems as those in Business Class.

17. ASIANA failed to properly hire, train, and/or monitor its pilots to assure they had the required skill and experience to safely land their aircraft at all airports in which ASIANA did business.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**PASSENGER LIABILITY / STRICT LIABILITY**
**(Against Defendant Asiana Airlines Inc.)**

18. Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

19. At all relevant times, ASIANA was a common carrier engaged in the business of providing air transporting fare-paying passengers on international flights to the United States.

20. Under Articles 17 and 21(a) of the Montreal Convention, Defendant ASIANA is strictly liable to Plaintiffs for provable damages of up to 113,100 SDRs (which equates to approximately U.S. Dollar $170,000).

21. In addition, under Article 21(2) of the Montreal Convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the

*Yuan, et al. v. Asiana Airlines, Inc., et al.*

injuries and damages attendant thereto Plaintiffs seek damages in excess of 113,100 SDRs, according to proof at the time of trial.

22. As a direct and legal result of the negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, Plaintiffs have suffered the injuries and damages hereafter set forth.

23. As a legal result of the wrongful conduct of ASIANA set forth above, Plaintiffs were injured and Plaintiffs' health, strength, and activity, and has sustained injuries to Plaintiffs' body and/or mind, all of which have caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering.

24. By reason of the wrongful conduct of ASIANA set forth above, Plaintiffs were required to and continue to employ physicians and other health care providers to examine, treat, and care for Plaintiffs' injuries, and have incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care in an amount according to proof.

25. By reason of the incident, Plaintiffs have suffered a loss of income, and/or a loss of earning capacity, in an amount according to proof.

26. By further reason of the premises, Plaintiffs suffered the loss of Plaintiffs' personal property, including but not limited to personal effects and items in checked in luggage and carry-on items, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### NEGLIGENCE
### (Against Defendant Asiana Airlines Inc.)

27. Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

28. At all relevant times, ASIANA was a common carrier engaged in the business of providing air transportation for fare-paying passengers on international flights to the United States. As a common carrier, ASIANA owed Plaintiffs as passengers of Flight 214 a duty of utmost care and the vigilance for the safe transport of passengers. As the holder of an Air Carrier Operating Certificate authorized to serve as a common carrier in air transportation in the United States pursuant to the provisions of Part 121 of the Federal Aviation Regulations [14 C.F.R. 121.1 et seq.], ASIANA owed a duty of care to Plaintiff consistent with the requirement that it operate and maintain its aircraft in the safest manner. ASIANA also had a common law duty to operate and maintain ASIANA Flight 214 to a standard equal to the highest possible degree of safety.

29. At all times hereinabove set forth, ASIANA breached its duty of care to Plaintiffs as passengers aboard ASIANA Flight 214 with respect to its failure to safely operate, maintain, manage, control, equip, handle, and/or pilot Flight 214 and/or adequately and appropriately train its pilots and crew to operate a passenger aircraft, including but not limited to the following:

- failure to train its pilots and flight crew to constantly monitor aircraft airspeed;
- failure to train its pilots to safely operate the auto-throttle control system aboard the aircraft;
- failure to train its pilots to safely operate the autopilot system aboard the aircraft;
- failure to train its pilots to safely operate the flight director aboard the aircraft;

ABBREVIATED COMPLAINT
*Yuan, et al. v. Asiana Airlines, Inc., et al.*

6

- failure to train its pilots to communicate with one another in order to safely operate and monitor flight systems aboard the aircraft;
- failure to train its pilots to prevent their aircraft from entering into unsafe airspeeds given the flight conditions;
- failure to train its pilots to timely recognize and safely respond to low airspeeds given the flight conditions;
- failure to train its pilots to timely and safely evacuate the aircraft.

30. As a direct and legal result of the negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, Plaintiffs have suffered the injuries and damages hereafter set forth.

31. As a legal result of the wrongful conduct of ASIANA set forth above, Plaintiffs were injured in Plaintiffs' health, strength, and activity, and have sustained injuries to Plaintiffs' body and/or mind, all of which have caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering.

32. By reason of the wrongful conduct of ASIANA set forth above, Plaintiffs were required to and continue to employ physicians and other health care providers to examine, treat, and care for Plaintiffs' injuries, and have incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care in an amount according to proof.

33. By reason of the incident, Plaintiffs have suffered a loss of income, and/or a loss of earning capacity, in an amount according to proof.

34. By further reason of the premises, Plaintiffs suffered the loss of Plaintiffs' personal property, including but not limited to personal effects and items in checked in luggage and carry-on items, in an amount according to proof at trial.

35. The Montreal Convention, formally entitled the Convention for the Unification of Certain Rules for International Carriage by Air, sets forth the liability and compensation owed

by airlines for the injury and death of a passenger.  Under Article 21(2), Plaintiffs are entitled to provable damages in excess of 113,100 Special Drawing Rights ("SDR") due to the negligence, carelessness, gross negligence and/or recklessness of Defendant ASIANA, its agents and/or its servants, as hereinabove set forth.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CAUSE OF ACTION

**NEGLIGENCE**
**(Against Defendant The Boeing Company)**

36.  Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

37.  At all relevant times hereinabove set forth, Defendant BOEING was the designer, manufacturer, distributor and/or seller of the BOEING 777 aircraft and its subsequent variants, including the subject BOEING 777-200ER.  Defendant BOEING was, at all times relevant, in the business of designing, testing, manufacturing, selling, assembling, building, distributing, marketing, and/or inspecting aircraft as suitable and safe for passenger air transportation, including the subject BOEING 777-200ER that crashed at SFO on July 6, 2013.

38.  At all relevant times hereinabove set forth, Defendant BOEING operated, supervised, managed and/or oversaw the training facility that trained ASIANA's pilots to fly the BOEING 777, and knew or should have known of the unfitness of ASIANA's pilots to safely operate the BOEING 777-200ER for passenger air travel.

39.  At all times hereinabove set forth, BOEING breached its duty of care to Plaintiffs as passengers aboard ASIANA flight 214 with respect to the design, manufacture, inspection, testing, assembly, distribution, and/or sale of a safe, airworthy aircraft; including the failure to train, instruct, and/or issue advisory warnings necessary to assure the safe operation, control, management and/or maintenance of the aircraft.  BOEING acts and/or omissions include, but are not limited to the following:

- failure to manufacture and provide a safe and effective auto-throttle control system on their aircraft, including the subject aircraft;
- failure to provide adequate warnings with regard to the use of the auto throttle control system on their aircraft including the subject aircraft;
- failure to manufacture and provide a safe and adequate low airspeed warning device on their aircraft, including the subject aircraft;
- failure to provide adequate warnings with regard to the use of the flight control systems on their aircraft including the subject aircraft;
- failure to manufacture and provide safe and effective flight director systems, EICAS, flight control computers and/or primary flight displays on their aircraft, including the subject aircraft.
- failure to manufacture and provide safe and effective evacuation slides/rafts for its passengers.
- failure to manufacture and provide safe and effective seating for its passengers, which included improper seatbelts, particularly for Plaintiffs and those passengers of ASIANA Flight 214 who were seated in economy class who had lap-only seatbelts.
- failure to properly train pilots to constantly monitor aircraft airspeed;
- failure to properly train pilots to safely operate the auto-throttle control system aboard their aircraft;
- failure to properly train pilots to safely operate the autopilot system aboard their aircraft;
- failure to properly train pilots to safely operate and safely respond to the flight director aboard their aircraft;
- failure to properly train pilots to safely operate, monitor and respond to the flight systems aboard their aircraft;
- failure to properly train pilots to prevent their aircraft from entering into

unsafe airspeeds given the flight conditions;

- failure to properly train pilots to timely recognize and safely respond to low airspeeds given the flight conditions.
- failure to properly train pilots to safely operate their aircraft in both Visual Meteorological Conditions ("VMC") and Instrument Meteorological Conditions ("IMC") conditions.

40. As a direct and legal result of Defendant BOEING's negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, Plaintiffs have suffered the injuries and damages hereafter set forth.

41. As a legal result of the wrongful conduct of BOEING set forth above, Plaintiffs were injured in Plaintiffs' health, strength, and activity, and has sustained injuries to Plaintiffs' body and/or mind, all of which has caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering.

42. By reason of the wrongful conduct of BOEING set forth above, Plaintiffs were required to and continue to employ physicians and other health care providers to examine, treat, and care for Plaintiffs' injuries, and has incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care in an amount according to proof.

43. By reason of the incident, Plaintiffs have suffered a loss of income and/or a loss of earning capacity, in an amount according to proof.

44. By further reason of the premises, Plaintiffs suffered the loss of Plaintiffs' personal property, including but not limited to personal effects and items in checked in luggage and carry-on items, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**ABBREVIATED COMPLAINT**  10
*Yuan, et al. v. Asiana Airlines, Inc., et al.*

## FOURTH CAUSE OF ACTION

### BREACH OF WARRANTY
(Against Defendant The Boeing Company)

45. Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

46. Defendant BOEING was the designer, manufacturer, distributor and/or seller of the Boeing 777 and its subsequent variants, including the BOEING 777-200ER.

47. Prior to the crash of ASIANA Flight 214, Defendant BOEING expressly and/or impliedly warranted and represented that the subject aircraft (the BOEING 777-200ER), including its component parts and instruments, and in conjunction with the instructions and warnings given by BOEING, was airworthy, of merchantable quality, both fit and safe for the purpose of commercial air travel for which it was designed, intended and used. Additionally, Defendant BOEING further warranted that the subject aircraft and/or its component parts were free from all defects.

48. Defendant BOEING breached said warranties in that the subject aircraft was not airworthy, of merchantable quality, or fit and safe for the purposes for which it was designed, intended and used, and free from all defects as set forth above.

49. Plaintiffs, as passengers of ASIANA Flight 214, were intended third-party beneficiaries of Defendant BOEING's warranties that ASIANA Flight 214 (the BOEING 777-200ER) was airworthy, of merchantable quality, both fit and safe for the purposes for which it was designed, intended and used, and free from all defects.

50. As a direct and legal result of Defendant BOEING's negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, Plaintiffs have suffered the injuries and damages hereafter set forth.

51. As a legal result of the wrongful conduct of BOEING set forth above, Plaintiffs were injured in Plaintiffs' health, strength, and activity, and have sustained injuries to Plaintiffs'

body and/or mind, all of which has caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering.

52. By reason of the wrongful conduct of BOEING set forth above, Plaintiffs were required to and continue to employ physicians and other health care providers to examine, treat, and care for Plaintiffs' injuries, and has incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care in an amount according to proof.

53. By reason of the incident, Plaintiffs have suffered a loss of income and/or a loss of earning capacity, in an amount according to proof.

54. By further reason of the premises, Plaintiffs suffered the loss of Plaintiffs' personal property, including but not limited to personal effects and items in checked in luggage and carry-on items, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTH CAUSE OF ACTION

### STRICT LIABILITY
### (Against Defendant The Boeing Company)

55. Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

56. Defendant BOEING designed, manufactured, distributed and/or sold BOEING 777 and its subsequent variants, including the BOEING 777-200ER involved in the incident. Defendant BOEING was in the business of designing, testing, manufacturing, selling, assembling, building, distributing, marketing and/or inspecting aircraft as suitable for passenger air transportation, including the subject BOEING 777-200ER that crashed at SFO on July 6, 2013.

57. At all times relevant hereinabove set forth, the subject BOEING 777-200ER aircraft was being operated by ASIANA and used for the purposes of which it was

manufactured, designed, inspected, sold and intended to be used, in a manner reasonably foreseeable to Defendant BOEING.

58. At all times relevant hereinabove set forth, the subject BOEING 777-200ER was defective, dangerous, unsafe, and not airworthy by reason of Defendant BOEING's defective manufacture, design, warning systems, inspections, testing, service, and/or maintenance of the subject aircraft as set forth above.

59. As a direct and legal result of Defendant BOEING's negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, Plaintiffs have suffered the injuries and damages hereafter set forth.

60. As a legal result of the wrongful conduct of BOEING set forth above, Plaintiffs were injured in Plaintiffs' health, strength, and activity, and has sustained injuries to Plaintiffs' body and/or mind, all of which has caused Plaintiffs great physical, mental, emotional, and nervous pain and suffering.

61. By reason of the wrongful conduct of BOEING set forth above, Plaintiffs were required to and continue to employ physicians and other health care providers to examine, treat, and care for Plaintiffs' injuries, and has incurred, and will continue to incur, medical and incidental expenses for such examination, treatment, rehabilitation, and care in an amount according to proof.

62. By reason of the incident, Plaintiffs have suffered a loss of income and/or a loss of earning capacity, in an amount according to proof.

63. By further reason of the premises, Plaintiffs suffered the loss of Plaintiffs' personal property, including but not limited to personal effects and items in checked in luggage and carry-on items, in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

64. Plaintiffs incorporate and re-allege each of the allegations set forth above as though fully set forth herein.

65. On June 6, 2013, Plaintiff Zhengyu Yuan was the natural parent of the minor children M.L.Y and T.T. Y. The three family members sat together on Asiana Airlines Flight 214 on June 6, 2013.

66. As a direct and legal result of the negligence of defendants, and each of them, Plaintiffs were caused to suffer serious physical and mental injuries.

67. Each of the Plaintiffs were physically present at the time their family members suffered the above injuries and Plaintiffs were contemporaneously aware that their family members were being injured at the time the injuries were occurring.

68. At all times herein relevant, it was foreseeable that such contemporaneous observance by Plaintiffs would result in great emotional and physical pain and suffering and ongoing disability.

69. As a direct and legal result of the negligent conduct of defendants, and each of them, Plaintiffs suffered, and will continue to suffer, severe emotional distress and mental and physical pain, all to their general damage in a sum within the jurisdiction of this Court and to be determined according to proof.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief against Defendants, and each of them, as hereinafter set forth below.

1. For compensatory and general damages according to proof;
2. For past and future medical expenses and incidental expenses according to proof;
3. For past and future loss of earnings and earning capacity according to proof;
4. For loss of personal property and personal effects according to proof;

5. For pre- and post-judgment interest on all damages as allowed by the law;

6. For attorneys and expert/consultant fees under existing law;

7. For injunctive relief mandating that all Asiana pilots receive comprehensive training and demonstrate minimum proficiency in landing procedures and basic safety protocols.

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court may deem just and proper.

## VII. JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 19, 2015

**KREINDLER & KREINDLER LLP**

By: /s/ Gretchen M. Nelson
    Brian J. Alexander
    Justin T. Green
    Marc. S. Moller
*Attorneys for Plaintiffs*